Christopher T. Holland (SBN 164053) cholland@ksrh.com
Kenneth E. Keller (SBN 071450) kkeller@ksrh.com
Lori L. Holland (SBN 202309) lholland@ksrh.com
Jennifer R. McGlone (SBN 208229) jmcglone@ksrh.com
Ethan Jacobs (SBN 291838) ejacobs@ksrh.com
KELLER, SLOAN, ROMAN & HOLLAND LLP
555 Montgomery Street, 17th Floor
San Francisco, CA  94111
Telephone:  (415) 249-8330
Facsimile:  (415) 249-8333

Attorneys for Plaintiff
THE DIAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DIAL CORPORATION, a Delaware Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>REJOICE INTERNATIONAL, INC., a Michigan corporation, REJOICE INTERNATIONAL CORPORATION, a Michigan corporation, PERRY GROUP INTERNATIONAL LLC d/b/a/ REJOICE INTERNATIONAL LLC, a California limited liability company, REJOICE INTERNATIONAL LLC, a California limited liability company, NINGBO REJOICE I/E CO. LTD., a Chinese limited company, XIAO LANG, an individual, REJOICE MARKETING, INC., a Georgia corporation, and REJOICE TRADING LIMITED, a Georgia corporation,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT; TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a)); FALSE DESIGNATION OF ORIGIN/FALSE DESCRIPTION OR REPRESENTATION (15 U.S.C. § 1125(a)); COMMON LAW TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200); COMMON LAW UNFAIR COMPETITION; AND INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT
CASE NO.

Plaintiff The Dial Corporation ("Dial"), for its Complaint against Defendants Rejoice International, Inc., Rejoice International Corporation, Perry Group International LLC d/b/a Rejoice International LLC, Rejoice International LLC, Ningbo Rejoice I/E Co. Ltd, Xiao Lang, Rejoice Marketing, Inc., and Rejoice Trading Limited (collectively referred to as "the Rejoice Defendants," where appropriate), hereby alleges as follows:

## THE PARTIES

1. Dial is a Delaware corporation with its principal place of business at 19001 N. Scottsdale Road, Scottsdale, Arizona, 85255. Dial manufactures and sells personal care and household cleaning products, including household cleaning products under the Soft Scrub® brand.

2. Dial is informed and believes and on that basis alleges that Defendant Rejoice International, Inc. ("Rejoice Inc.") is Michigan corporation with a principal place of business at 48325 Binghampton Drive, Northville, Michigan, 48168.

3. Defendant is also informed and believes and on that basis alleges that Defendant Rejoice Inc. is a manufacturer of health, beauty, wellness, household, and automotive products, and sells such products under, without limitation, the brand names "XtraCare," "XtraCare Signature," "Homebright," "AutoBright," "ExtraCare," and "Healthy Chef."

4. Dial is informed and believes and on that basis alleges that Defendant Rejoice International Corporation ("Rejoice Corp.") is a Michigan corporation with a principal place of business at 48325 Binghampton Drive, Northville, Michigan, 48168. Dial is further informed and believes and on that basis alleges that Rejoice Corp. operates as a "field office" and/or distributor for Rejoice Inc.

5. Dial is informed and believes and on that basis alleges that Defendant Perry Group International LLC d/b/a Rejoice International LLC ("Perry Group") is a California limited liability company with a principal place of business at 11400 W. Olympic Blvd. #223, Los Angeles, California, 90064. Dial is further informed and believes and on that basis alleges that Perry Group operates as a "field office" and/or distributor for Rejoice Inc.

6. Dial is informed and believes and on that basis alleges that Defendant Rejoice

International LLC ("Rejoice LLC") is a California limited liability company with a principal place of business at 11400 W. Olympic Blvd. #223, Los Angeles, California, 90064.  Dial is also informed and believes and on that basis alleges that Rejoice LLC operates as a "field office" and/or distributor for Rejoice Inc.  Dial is also informed and believes and on that basis alleges that the records of the U.S. Patent and Trademark Office ("USPTO") list Rejoice LLC as the owner of a "live" trademark registration to "Healthy Chef."

7. Dial is informed and believes and on that basis alleges that Defendant Ningbo Rejoice I/E Co. Ltd. ("Ningbo Rejoice") is a Chinese limited company with a principal place of business in Ningbo, China.   Dial is further informed and believes and on that basis alleges that Ningbo Rejoice operates as a "field office" of Rejoice Inc.  Dial is further informed and believes and on that basis alleges that Ningbo Rejoice is also a product manufacturer and/or importer into the Unites States for the Rejoice Defendants, and each of them.

8. Dial is informed and believes and on that basis alleges that Defendant Xiao Lang ("Lang") is an individual who resides in Ningbo, China.  Dial is also informed and believes and on that basis alleges that USPTO records list Lang as the owner of a "dead" trademark registration to "Autobright" and "live" trademark registrations to "Xtracare" and "Home Bright."  Dial is also informed and believes that Lang is an owner, officer, director, and/or employee of, and/or maintains some other business relationship with, Ningbo Rejoice and/or the other Rejoice Defendants.

9. Dial is informed and believes and on that basis alleges that Defendant Rejoice Marketing, Inc. ("Rejoice Marketing") is a Georgia corporation with a principal place of business at 4571 Millstone Walk Drive, Buford, Georgia, 30519.  Dial is further informed and believes and on that basis alleges that Rejoice Marketing operates as a "field office" and/or distributor for Rejoice Inc.

10. Dial is informed and believes and on that basis alleges that Defendant Rejoice Trading Limited ("Rejoice Trading") is a Georgia corporation with a principal place of business at 180 Glenside Lane, Duluth, Georgia, 30097.  Dial is further informed and believes and on that basis alleges that Rejoice Trading operates as a "field office" and/or distributor for Rejoice Inc.

11.     Dial is informed and believes and on that basis allege that the Rejoice Defendants are the alter-egos of each other, and/or that those Rejoice Defendants did, and still do, dominate, influence and/or otherwise control each other.  Alternatively, Dial is informed and believes and thereon alleges that there existed, and exists, a unity of ownership and management between the Rejoice Defendants; that the individuality and separateness of each of those Rejoice Defendants was, and remains, non-existent; and/or that each of those Rejoice Defendants was, and is, a mere shell that the other Rejoice Defendants used, and use, to conduct their affairs.  On either or both of those bases, Dial is informed and believes and thereon alleges that an injustice upon Dial will result if the theoretical separateness of those Rejoice Defendants is not disregarded and each of those Rejoice Defendants is not held responsible for the damages and relief Dial seeks in this action.  Dial is further informed and believes and on that basis alleges that Rejoice Inc. was aware of, directed, controlled, and/or consented to the infringing and otherwise unlawful activity by any and all other Rejoice Defendants described herein, and was the direct beneficiary of profits derived from such activity.

## JURISDICTION AND VENUE

12.     This action is brought pursuant to: the patents laws of the United States, Title 35 of the United States Code; the Lanham Act, Title 15 of the United States Code; California Business and Professions Code Section 17200; and common law prohibitions against trade dress infringement, unfair competition, and intentional interference with prospective economic relations.

13.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court also has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and, on information and belief, the amount in controversy exceeds the sum or value of $75,000.  Additionally, this Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(2) because this action is, in part, between citizens of a state and citizens or subjects of a foreign state and, on information and belief, the amount in controversy exceeds the sum or value of $75,000.  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

14. This Court has personal jurisdiction over the Rejoice Defendants, and each of them, because the Rejoice Defendants have purposely availed themselves of the privilege of conducting activities, including doing business, within the State of California, including the Northern District of California. Specifically, Dial is informed and believes and on that basis alleges that the Rejoice Defendants are manufacturing, shipping, distributing, selling, importing, offering for sale, and/or promoting products at issue in this Complaint (among other products) in this State and District, and because the Rejoice Defendants continuously and systematically conduct, transact, and solicit business in this State and within this District. The infringing and/or unlawful activities by the Rejoice Defendants, as described herein, have caused and will continue to cause injury and damage to Dial within this State and District.

15. In addition, this Court has personal jurisdiction over Perry Group and Rejoice LLC because – as California limited liability companies – they have purposely availed themselves of the privilege of conducting activities, including doing business, within the State of California.

16. Venue is proper in this District under 28 U.S.C. § 1391(b-c) and 1400(b), because the Rejoice Defendants have committed acts of patent infringement in this district and are subject to this Court's personal jurisdiction.

**GENERAL ALLEGATIONS**

17. Dial manufactures and sells innovative toilet cleaning products under the Soft Scrub® brand, including the "Soft Scrub® 4-in-1 Toilet Care with Bleach, Alpine Fresh™" products ("Soft Scrub® 4-in-1 Products"). As explained below, Dial has patented the technology of the Soft Scrub® 4-in-1 Products, and the packaging for those products constitutes Dial's protectable trade dress.

18. Among other retail outlets, Dial has a business and contractual relationship with Dollar General, a nationwide small-box discount retailer, to sell the Soft Scrub® 4-in-1 Products. Dollar General sells those products at several stores pursuant to that relationship.

19. Dial is informed and believes and on that basis alleges that the Rejoice Defendants manufacture and/or sell health, beauty, wellness, household, and automotive products that are "knock-offs" of well-known brands.

5

20. Dial is further informed and believes and on that basis alleges that the Rejoice Defendants sell their "knock-off" products, including the products at issue in this action, at several retail outlets, including without limitation Dollar General stores.

21. Dial is further informed and believes and thereon alleges that the Rejoice Defendants create their "knock-off" products by, among other things, appropriating the product designs and packaging of other well-established products. Upon information and belief, the Rejoice Defendants then sell their inferior "knock-off" products typically at a lower price point.

22. As explained further below, the Rejoice Defendants have blatantly "knocked-off" Dial's Soft Scrub® 4-in-1 Products by copying Dial's patented technology and product packaging trade dress. Dial is informed and believes and thereon alleges that, in so doing, the Rejoice Defendants have unfairly competed with Dial in the marketplace by, among other things, causing consumer confusion as to the source of the Rejoice Defendants' products, by diverting sales from Dial, by deflating the price point for these products in the minds of consumers, and by otherwise profiting from their infringement of Dial's intellectual property.

**A. Dial's U.S. Patent No. 8,181,282**

23. Dial is the current assignee and owner of U.S. Patent No. 8,181,282 ("the '282 Patent"), entitled "Toilet Balls with Flushing Water Distributor." The '282 Patent issued on May 22, 2012 to Henkel AG & Co. KGaA, the original assignee of the '282 Patent and parent company to Dial. The '282 Patent generally describes a toilet basket containing cleaning preparations that can be mounted on a toilet bowl below the rim. A copy of the '282 Patent is attached as Exhibit A.

24. Dial is informed and believes and on that basis alleges that the Rejoice Defendants manufacture, have manufactured, use, import, sell, offer for sale, promote and/or distribute, either individually or through agents (including other Rejoice Defendants), toilet bowl cleaning products that infringe one or more claims of the '282 Patent, including without limitation the "Homebright 4in1 Toilet Bowl Cleaner with Bleach, Pine" products ("the Rejoice Products").

**B. Dial's Trade Dress**

25. As indicated, Dial manufactures and sells toilet cleaning products relating to the

1  technology of the '282 Patent under the Soft Scrub® brand, including the Soft Scrub® 4-in-1
2  Product.
3      26.    Reproduced below is an example Soft Scrub® 4-in-1 Product in its original
4  packaging:



22     27.    The Soft Scrub® 4-in-1 Product packaging constitutes Dial's protectable trade dress.
Specifically, the overall product packaging design is inherently distinctiveness because a consumer
would rely on the product packaging to differentiate among products and identify Dial as the source
of the Soft Scrub® 4-in-1 Product.
       28.    That overall distinctive product packaging design includes, for example, the
following elements: (1) a unique and arbitrary tilted configuration of the product against the

7

COMPLAINT
CASE NO.

1  packaging; (2) a unique and arbitrary shape of the plastic shell housing for the product, including the
2  rectangular-shaped section below the product; (3) the predominate use of the colors blue, green,
3  yellow, red, and silver, including the relative placement of those colors; (4) fanciful and active water
4  imagery juxtaposed behind the main section of the product; (5) images of pine trees to the right of
5  the product; (6) a list of four product features delineated by red bubbles with white text; and (7) a
6  blue banner with yellow text and a silver "sparkling" border appearing in the upper third of the
7  package.

8      29.    Alternatively, the Soft Scrub® 4-in-1 Product packaging has acquired secondary
9  meaning such that consumers will mentally associate the packaging with Dial. The packaging has
10 acquired secondary meaning through, without limitation, Dial's exclusive use of the package design,
11 the manner and length of Dial's use of the packaging design, the amount and manner of advertising,
12 the number of sales, and Dial's established place in the market. More specifically, Dial has
13 exclusively used this package design for its Soft Scrub® 4-in-1 Product and related advertising for
14 the approximately two years that the product has been on the market. In addition, sales revenues for
15 the Soft Scrub® 4-in-1 Product for the past year have been approximately five million dollars.

16     30.    Moreover, the design of the Soft Scrub® 4-in-1 Product packaging as a whole is
17 nonfunctional. That is, there is no utilitarian advantage with respect to, without limitation, the colors
18 on the packaging, the tilted orientation of the product in the packaging, the specific shape of the
19 plastic shell, and the water and pine tree imagery and/or the overall combination of those elements.
20 Moreover, alternative product packaging designs are available with respect to, without limitation,
21 colors, orientation of the product in the packaging, shape of the plastic shell, and imagery.

22     31.    The Rejoice Defendants have blatantly copied and infringed Dial's protectable trade
23 dress with the product packaging for their Rejoice Products. Reproduced below is an example
24 Rejoice Product in its original packaging:

8

COMPLAINT
CASE NO.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18   32.   As can be seen, the Rejoice Defendants have outright copied various elements of the
19 Soft Scrub® 4-in-1 Product packaging, including, without limitation: (1) the unique and arbitrary
20 tilted configuration of the product against the packaging; (2) the unique and arbitrary shape of the
21 plastic shell housing for the product, including the rectangular-shaped section below the product; (3)
22 the predominate use of the colors blue, green, yellow, red, and silver, including the relative
23 placement of those colors; (4) fanciful and active water imagery juxtaposed behind the main section
24 of the product; (5) images of pine trees to the right of the product; (6) a verbatim list from the Soft
25 Scrub® 4-in-1 Product packaging of four product features delineated by red bubbles with white text;
26 and (7) a blue banner with yellow text and a silver "sparkling" border appearing in the upper third of
27 the package.

28

COMPLAINT
CASE NO.

33. Dial is informed and believes and thereon alleges that the Rejoice Defendants have intentionally copied the Scrub® 4-in-1 Product packaging trade dress for the Rejoice Products in order to cause consumer confusion, to divert sales from Dial, and to otherwise benefit from Dial's reputation and goodwill.

34. The Rejoice Defendants' misappropriation of Dial's protectable trade dress is likely to cause confusion – and upon information and belief has already caused actual confusion – in the minds of consumers regarding the source of the Rejoice Defendants' products and/or regarding the sponsorship, affiliation, or connection of the Rejoice Defendants' products. Specifically, consumers viewing a Rejoice Product would likely assume that it is associated with Dial and/or the Soft Scrub® brand.

## **FIRST CAUSE OF ACTION - PATENT INFRINGEMENT**

35. Dial realleges and incorporates by reference paragraphs 1-34 as if fully set forth herein.

36. Dial is informed and believes and on that basis alleges that Rejoice Defendants have infringed and continue to infringe one or more claims of the '282 Patent by making, having made, using, importing, offering for sale, and/or selling toilet bowl cleaning products, including without limitation the Rejoice Products. The Rejoice Defendants' aforementioned activities constitute making, having made, using, importing, offering for sale, and/or selling the use of the patented invention of the '282 Patent by or to customers throughout the United States in violation of 35 U.S.C. § 271(a). The Rejoice Defendants will continue to do so unless enjoined by this Court.

37. Dial is informed and believe and on that basis alleges that Rejoice Defendants are actively inducing others to infringe, and/or committing acts of contributory infringement of one or more claims of the '282 Patent through the Rejoice Defendants' activities related to the making, using, selling, importing, and/or offering for sale and promoting use of toilet bowl cleaning products, including, but not limited to the Rejoice Products. The Rejoice Defendants' aforementioned activities violate 35 U.S.C. §§ 271(b) and/or 271(c).

38. Dial is informed and believes and on that basis alleges that Rejoice Defendants have,

1   and had at the time of their acts of infringement, actual or constructive notice of the '282 Patent, as
2   well as actual or constructive notice of Rejoice Defendants' infringement of the '282 Patent.

3   39.  As a proximate result of the Rejoice Defendants' acts of infringement, Dial has been
4   damaged in an amount not yet determined, and has been irreparably injured by these infringing
5   activities, and Dial will continue to be damaged by such acts in the future unless the Rejoice
6   Defendants' infringing activities are enjoined by this Court.

7   40.  Dial is informed and believes and on that basis alleges that Rejoice Defendants'
8   infringement of the '282 Patent has been, and continues to be, willful, and deliberate.

9   WHEREFORE, Dial seeks judgment as set forth herein.

## SECOND CAUSE OF ACTION – TRADE DRESS INFRINGEMENT
## (15 U.S.C. § 1125(a))

41.  Dial realleges and incorporates by reference paragraphs 1-40 as if fully set forth herein.

42.  Dial's packaging for the Soft Scrub® 4-in-1 Product is protectable trade dress because it is inherently distinctive and/or has acquired secondary meaning and is non-functional.

43.  The Rejoice Defendants have intentionally, knowingly, and willfully used in commerce product packaging nearly identical or confusingly similar to Dial's Soft Scrub® 4-in-1 Product packaging in connection with the importation, promotion, advertising, distribution, sale, offering for sale, and/or use in commerce of products, including but not limited to the Rejoice Products, which constitutes a wrongful misappropriation of Dial's protectable trade dress.

44.  The Rejoice Defendants have also intentionally induced one another and/or other third party distributors and retailers to use product packaging nearly identical or confusingly similar to Dial's Soft Scrub® 4-in-1 Product packaging in connection with the importation, promotion, advertising, distribution, sale, offering for sale, and/or use in commerce of products, including but not limited to the Rejoice Products, and/or the Rejoice Defendants continued to supply their products to those whom they know or have reason to know are engaging in trade dress infringement.

45.  The Rejoice Defendants' importation, promotion, distribution, sale, and/or use in

commerce of products, including but not limited to the Rejoice Products, that have product packaging that is nearly identical and/or confusingly similar to the Soft Scrub® 4-in-1 Product packaging has caused and/or is likely to continue to cause confusion, or to case mistake, or to deceive, including but not limited to regarding the source and/or sponsorship of the Rejoice Products.

46. The Rejoice Defendants' intentional, knowing, and willful acts are intended to reap the benefits of Dial's reputation and good will that it has created in its products and protectable trade dress, and constitutes trade dress infringement under 15 U.S.C. § 1125(a).

47. The Rejoice Defendants' intentional, knowing, and willful acts of trade dress infringement have caused and continue to cause loss of goodwill and profits to Dial, damage to Dial's reputation, unlawful diversion of sales and unjust enrichment of the Rejoice Defendants at the expense of Dial, and injury to consumers due to confusion, mistake, and deception in the marketplace.

48. As a direct and proximate cause of the Rejoice Defendants' illegal and willful activities, Dial has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at trial.

49. The Rejoice Defendants' intentional, knowing, and willful acts of trade dress infringement have caused and will continue to cause immediate and irreparable injury to Dial, including its business, reputation, and goodwill, and will continue to damage Dial and deceive the public unless enjoined by this Court. Dial has no adequate remedy at law and the injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

WHEREFORE, Dial seeks judgment as set forth herein.

## THIRD CAUSE OF ACTION –
## FALSE DESIGNATION OF ORIGIN/FALSE DESCRIPTION
## (15 U.S.C. § 1125(a))

50. Dial realleges and incorporates by reference paragraphs 1-49 as if fully set forth

herein.

51.     The Rejoice Defendants' use and continued use in connection with importation, promotion, advertising, distribution, sale, offering for sale, and/or use in commerce of products that have product packaging that is nearly identical and/or confusingly similar to the Soft Scrub® 4-in-1 Product packaging suggest that the Rejoice Defendants' goods originated with, were manufactured by, and/or are sponsored by Dial, which constitutes a false designation of origin and false description and representation of the Rejoice Defendants' products.  The Rejoice Defendants' acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Rejoice Defendants with Dial, or as to the origin, sponsorship, or approval of the Rejoice Defendants' goods, services, or commercial activities by Dial.

52.     The Rejoice Defendants' wrongful acts constitute the use of a false designation of origin and/or false description or representation, in violation of 15 U.S.C. §§ 1125(a)(1)(A) and/or 1125 (a)(1)(B).

53.     As a direct and proximate result of the Rejoice Defendants' unlawful activities, Dial has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at trial.

54.     The Rejoice Defendants' conduct has caused and will continue to cause immediate and irreparable injury to Dial, including its business, reputation, and goodwill, and will continue to damage Dial and deceive the public unless enjoined by this Court.  Dial has no adequate remedy at law and the injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

WHEREFORE, Dial seeks judgment as set forth herein.

**FOURTH CAUSE OF ACTION – COMMON LAW TRADE DRESS INFRINGEMENT**

55.     Dial realleges and incorporates by reference paragraphs 1- 54 as if fully set forth herein.

56.     The Rejoice Defendants' use in commerce of product packaging nearly identical or confusingly similar to Dial's Soft Scrub® 4-in-1 Product packaging in connection with the

importation, promotion, advertising, distribution, sale, offering for sale, and/or use in commerce of products, including but not limited to the Rejoice Products, infringe Dial's exclusive trade dress rights, in violation of common law.

57. The Rejoice Defendants' intentional, knowing, and willful acts of trade dress infringement have caused and continue to cause loss of goodwill and profits to Dial, damage to Dial's reputation, unlawful diversion of sales and unjust enrichment of the Rejoice Defendants at the expense of Dial, and injury to consumers due to confusion, mistake, and deception in the marketplace.

58. As a direct and proximate result of the Rejoice Defendants' unlawful activities, Dial has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at trial.

59. The Rejoice Defendants' conduct has caused and will continue to cause immediate and irreparable injury to Dial, including its business, reputation, and goodwill, and will continue to damage Dial and deceive the public unless enjoined by this Court. Dial has no adequate remedy at law and the injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

WHEREFORE, Dial seeks judgment as set forth herein.

## **FIFTH CAUSE OF ACTION – UNFAIR COMPETITION**
## **(Cal. Bus. & Prof. Code § 17200)**

60. Dial realleges and incorporates by reference paragraphs 1-59 as if fully set forth herein.

61. The Rejoice Defendants' use in commerce of product packaging nearly identical or confusingly similar to Dial's Soft Scrub® 4-in-1 Product packaging in connection with the importation, promotion, advertising, distribution, sale, offering for sale, and/or use in commerce of products, including but not limited to the Rejoice Products, has caused and/or is likely to cause confusion among consumers.

62. The Rejoice Defendants' activities are calculated to deceive the public and thus

14

1 constitute and unfair and deceptive business practice.

2 63. As a direct and proximate result of the Rejoice Defendants' unlawful, unfair and
3 deceptive business practices, the Rejoice Defendants collected revenues and/or realized profits to
4 which they were not entitled.

5 64. Dial seeks restitution and disgorgement of the revenues collected and/or profits
6 realized by the Rejoice Defendants as a result of their unlawful, unfair and deceptive business
7 practices.

8 65. Pursuant to California Business and Professions Code sections 17203 and 17535, Dial
9 further seeks an order of this Court enjoining the Rejoice Defendants from continuing their wrongful
10 business practices. Unless restrained by this Court, the Rejoice Defendants will continue to engage
11 in unfair, false and misleading business practices, as alleged above, in violation of sections 17200
12 and 17500 of the California Business and Professions Code. Dial and the public will be irreparably
13 harmed if an order of the Court enjoining such practices is not granted. Dial is therefore entitled to
14 preliminary and permanent injunctions.

15 66. Dial has no adequate remedy at law for the injury alleged in this cause of action, and
16 the injury is, in part, intangible in nature and not capable of being fully measured or valued entirely
17 in terms of monetary damages.

18 67. In addition to injunctive relief, disgorgement, and restitution, Dial is also entitled to
19 all other remedies provided under Business and Professions Code section 17203.

20 WHEREFORE, Dial seeks judgment as set forth herein

21 **SIXTH CAUSE OF ACTION – COMMON LAW UNFAIR COMPETITION**

22 68. Dial realleges and incorporates by reference paragraphs 1-67 as if fully set forth
23 herein.

24 69. The Rejoice Defendants have engaged in and continue to engage in unfair
25 competition by infringing Dial's trade dress with the intention of interfering with and trading on the
26 business reputation and goodwill engendered by Dial through hard work and diligent effort.

27 70. The Rejoice Defendants' acts have caused Dial competitive injury, as described

28

15

COMPLAINT
CASE NO.

herein, and specifically have caused Dial to incur damages in an amount to be proved at trial consisting, of among other things, loss of goodwill and profits to the Rejoice Defendants, damage to the reputation of Dial and its products, unlawful diversion of sales and unjust enrichment of the Rejoice Defendants at the expense of Dial, and injury to consumers cause by confusion, mistake, and deception in the market.

71. The Rejoice Defendants' acts as alleged above will continue if not enjoined. Dial has no adequate remedy at law for the injury alleged in this cause of action, and the injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages

WHEREFORE, Dial seeks judgment as set forth herein.

## SEVENTH CAUSE OF ACTION –
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

72. Dial realleges and incorporates by reference paragraphs 1-71 as if fully set forth herein.

73. Dial has a business and contractual relationship with Dollar General to distribute and sell Soft Scrub® 4-in-1 Products at several stores within the United States. That relationship has a significant probability of future economic benefit to Dial.

74. Dial is informed and believes and thereon alleges that the Rejoice Defendants knew of Dial's relationship with Dollar General to distribute and sell Soft Scrub® 4-in-1 Products.

75. The Rejoice Defendants have intentionally, knowingly, and willfully used in commerce product packaging nearly identical or confusingly similar to Dial's Soft Scrub® 4-in-1 Product packaging in connection with the importation, promotion, advertising, distribution, sale, offering for sale, and/or use in commerce of products, including but not limited to the Rejoice Products, which constitutes a wrongful misappropriation of Dial's protectable trade dress and/or unfair competition, and is otherwise unlawful as alleged herein.

76. Dial is further informed and believes and thereon alleges that the Rejoice Defendants, by engaging in the unfair and unlawful acts alleged herein, intended to disrupt the relationship

between Dial and Dollar General and/or the Rejoice Defendants knew that disruption of the relationship was certain or substantially certain to occur, to the economic detriment of Dial.

77. The Rejoice Defendants' unfair and unlawful acts alleged herein caused and continue to cause disruption in Dial's business and contractual relationship with Dollar Store.

78. Dial has suffered and will continue to suffer damages as a result of the Rejoice Defendants' wrongful activities as alleged herein.

WHEREFORE, Dial seeks judgment as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Dial prays for judgment as follows:

A. That the Rejoice Defendants be declared to have infringed, induced, and/or contributed to the infringement of one or more claims of the '282 Patent.

B. That the Rejoice Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them or any of them who receive actual notice of an order, be preliminarily and permanently enjoined from further infringement of the '282 Patent.

C. That the Rejoice Defendants be ordered to account for and pay to Dial all damages caused to Dial by reason of the Rejoice Defendants' infringement of '282 Patent.

D. That the damages for which the Rejoice Defendants are liable to Dial include, but not be limited to, lost profits and/or price erosion damages.

E. That appropriate damages be enhanced pursuant to 35 U.S.C. § 284 by reason of the Rejoice Defendants' deliberate and willful infringement of the '282 Patent.

F. That this case be declared an exceptional case pursuant to 35 U.S.C. § 285 in view of the deliberate and willful nature of the infringement by the Rejoice Defendants and that Dial be awarded its reasonable attorneys' fees.

G. That this Court declare, adjudge, and decree the Rejoice Defendants' trade dress infringement and other unlawful acts alleged herein to be a violation of §35 U.S.C. § 1125, common law trade dress infringement, unfair competition under Cal. Bus. & Prof. Code § 17200, common

law unfair competition, and/or intentional interference with prospective economic advantage.

H.   That this Court temporarily, preliminarily, and permanently enjoin and restrain the Rejoice Defendants, their officers, directors, servants, employees, attorneys, agents, representatives, and distributors, and all other persons acting in concert or participation with the Rejoice Defendants from:

   (1)   misrepresenting in any way the source of origin or the nature or quality of the Rejoice Products; and

   (2)   making, manufacturing, importing, using, distributing, shipping, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing the Rejoice Products.

I.   That this Court order the Rejoice Defendants to recall any and all products and materials bearing, copying, reproducing, or simulating the Dial trade dress or a colorable imitation thereof.

J.   That this Court preliminary and permanently enjoin the Rejoice Defendants from further conduct that infringes the Dial's trade dress.

K.   That this Court award Dial compensatory damages as provided by law.

L.   That this Court award Dial statutory damages as provided by law.

M.   That this Court award Dial enhanced and/or treble damages as provided by law.

N.   That this Court award Dial punitive damages as provided by law.

O.   That this Court award Dial restitution as provided by law.

P.   That this Court order the Rejoice Defendant to account to Dial for all profits from its infringement of Dial's trade dress.

Q.   That this Court award Dial its costs, disbursements, and attorneys' fees incurred in bringing this action.

R.   That this Court award Dial prejudgment and post-judgment interest as provided by law.

S.   That this Court award Dial such other and further relief as this Court may deem just

and proper.

Dated:  April 7, 2015                              KELLER, SLOAN, ROMAN & HOLLAND LLP


By: _____/s/_____
     CHRISTOPHER T. HOLLAND
     Attorneys for Plaintiff
     THE DIAL CORPORATION

**JURY TRIAL DEMAND**

Dial hereby demands a trial by jury the above count and all issues triable to a jury in this matter.

Dated:  April 7, 2015                              KELLER, SLOAN, ROMAN & HOLLAND LLP


By: _____/s/_____
     CHRISTOPHER T. HOLLAND
     Attorneys for Plaintiff
     THE DIAL CORPORATION

COMPLAINT
CASE NO.